UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
LOUIS IDROBO,                                                           :
                                                                        :
                            Plaintiff,                                  :
                                                                        :     23-CV-9999 (JMF)
                    -v-                                                 :
                                                                        :    MEMORANDUM OPINION
MICROSOFT, et al.,                                                      :         AND ORDER
                                                                        :
                            Defendants.                                 :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Louis Idrobo was employed by Securitas, a company whose clients included the Microsoft Corporation ("Microsoft"). *See* ECF No. 52 ("FAC"), at 52.[1] In this lawsuit, he brings claims against both Microsoft and a variety of media companies: the Walt Disney Company, ABC News, Inc., Cable News Network, Inc., and Warner Bros. Discovery, Inc. (collectively, "the Media Defendants").[2] His Complaint, which is one hundred pages long (including exhibits), is far from a model of clarity. His claims against the Media Defendants — under the First Amendment, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and New York State law — appear to relate to their coverage of the protests surrounding the death of George Floyd.[3] In particular, he appears to allege that the Media Defendants disseminated intentionally false and misleading material regarding the protests and the state of

---

[1]     References to page numbers in ECF No. 52 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

[2]     The operative Complaint also named the American Broadcasting Companies, Inc., as a Defendant, but Idrobo has since withdrawn his claims against it. *See* ECF No. 79.

[3]     The operative Complaint also brought antitrust claims against the Media Defendants, but Idrobo has since withdrawn them as well. *See* ECF No. 79.

racial relations in the United States, resulting in lost wages and the theft of his cellphone. *See* FAC 1-3. Meanwhile, Idrobo brings claims against Microsoft under the New York City Human Rights Law. FAC 2. Specifically, he appears to allege that Microsoft, following George Floyd's death, adopted a discriminatory hiring policy that resulted in termination of his relationship with the company. *See id.* at 43-46.

Now pending are two motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, one filed by Microsoft, the Walt Disney Company, and ABC News, Inc. (collectively, the "Microsoft Defendants"), *see* ECF No. 62, and the second by Cable News Network, Inc. and Warner Bros. Discovery, Inc. (together, the "CNN Defendants"), *see* ECF No. 65. For the reasons that follow, the Court GRANTS both motions.

## CLAIMS AGAINST THE MEDIA DEFENDANTS

With respect to Idrobo's claims against the Media Defendants, the Court begins, as it must, with the issue of Article III standing. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007).[4] It is well established that "the irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (cleaned up). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal quotation marks omitted). And for an injury to be "concrete" it "must ha[ve] a close

---

[4] Strictly speaking, only the CNN Defendants move to dismiss for lack of standing. *See* ECF No. 66, at 5-6. But, of course, courts have an independent duty to "determine that they have jurisdiction before proceeding to the merits." *Lance*, 549 U.S. at 439 (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998)). Accordingly, the fact that only some of the Media Defendants move to dismiss on standing grounds is of no moment.

relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).  The causation element requires that the injury be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (cleaned up).  Finally, to establish redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted).  "[A] plaintiff must demonstrate standing for each claim he seeks to press" against each defendant.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65-66 (2d Cir. 2012).

In light of these requirements, Idrobo's claims against the Media Defendants must be dismissed.  Idrobo's first claim against the Media Defendants, under the First Amendment, seeks "recognition of an implied constitutional right of the people to a minimum quality information format."  FAC 1.  The Supreme Court has acknowledged something close to that — namely, a "First Amendment right to 'receive information and ideas'" — but it has recognized "a cognizable injury only where the listener has a concrete, specific connection to the speaker." *Murthy v. Missouri*, 603 U.S. 43, 75 (2024) (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972)).  Here, Idrobo does not allege a "concrete, specific connection" to any of the Media Defendants.  Instead, he asserts that he brings his claim generally to "defend the peoples [sic] rights," FAC 4, and to stop a "***national unmitigated disaster***," *id.* (emphasis in original).  In doing so, however, he merely confirms that he is "raising only a generally available grievance . . . claiming only harm to his and every citizen's interest in proper application of the Constitution and laws." *Lujan*, 504 U.S. at 573.  It follows that, with respect to his First Amendment claims, he fails to establish an injury that is sufficiently "concrete and

3

particularized" to support standing. *Id.* at 560.

Idrobo's remaining claims against the Media Defendants — under the RICO Act and state law — fall short because he fails to allege a "causal connection between the injury and the conduct complained of." *Id.* at 560.[5] To satisfy the traceability requirement, a plaintiff must "demonstrate a causal nexus between the defendant's conduct and the injury." *Heldman v. Sobol*, 962 F.2d 148, 156 (2d Cir. 1992). "Such a nexus is most easily shown if there is a direct relationship between the plaintiff and the defendant with respect to the conduct at issue." *Rothstein v. UBS AG*, 708 F.3d 82, 91 (2d Cir. 2013). An indirect relationship is "not necessarily fatal to standing," but it does "make it substantially more difficult" to show traceability. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 44-45 (1976). Here, Idrobo alleges only an indirect relationship between himself and the Media Defendants, and he does not come close to showing traceability. Specifically, he claims that his injuries — lost earnings and the theft of his cellphone — were the indirect result of the Media Defendants' coverage, which, in turn, incited riots by third parties, leading to racketeering activity involving at least one act of "murder, kidnapping, gambling, arson, [or] robbery." FAC 22. In other words, "the line of causation is bound exclusively by hypothetical, conclusory, and implausible assertions," *Zanotti v. Invention Submission Corp.*, No. 18-CV-5893 (NSR), 2020 WL 2857304, at *6 (S.D.N.Y. June 2, 2020), and depends on "unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to

---

[5] As discussed below, Idrobo alleges subject-matter jurisdiction only under 28 U.S.C. § 1331. Accordingly, the Court could simply decline to exercise supplemental jurisdiction over Idrobo's state-law claims against the Media Defendants. *See, e.g.*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). But addressing them here serves the interests in judicial economy and efficiency. Moreover, it makes plain that it would be futile to grant leave to amend in the event that Idrobo could allege diversity jurisdiction as to any Media Defendant.

predict," *Lujan*, 504 U.S. at 562; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013).

In short, Idrobo lacks standing to bring any of his claims against the Media Defendants. Accordingly, they are all dismissed. Because the dismissal is "due to [Idrobo's] lack of standing", it is, "by definition, without prejudice." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022).

## CLAIMS AGAINST MICROSOFT

Idrobo's claims against Microsoft are brought only under New York law. In light of that, the fact that he alleges only federal question jurisdiction, *see* FAC 1, and the fact that the Court has dismissed all of his federal claims, the threshold question is whether the Court should exercise supplemental jurisdiction over those claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) (reversing a district court decision to retain supplemental jurisdiction over state law claims after dismissal of the federal claim, citing "the absence of a clearly articulated federal interest"). Here, with respect to Idrobo's claims against Microsoft — which arise under a different law and involve different allegations from his claims against the Media Defendants — there is no reason to depart from that general rule. Accordingly, the Court declines to exercise supplemental jurisdiction and dismisses Idrobo's claims against Microsoft as well.

That said, mindful of Idrobo's *pro se* status, the Court will grant Idrobo leave to replead

his claims against Microsoft — and Microsoft alone. It does so because there is a reasonable chance that Idrobo could properly allege diversity jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, Idrobo's allegations with respect to Microsoft are somewhat of a moving target, as he concededly includes new allegations in his opposition to Defendants' motion to dismiss. *See* ECF No. 72, at 8-11. Accordingly, and notwithstanding the forceful arguments for dismissal pressed by the Microsoft Defendants in their motion to dismiss, the Court will grant Idrobo **one final opportunity** to amend his claims against Microsoft. Idrobo should include all of his relevant allegations in the amended complaint, as "it is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss," *Munck v. Simons Found.*, No. 23-CV-9188 (LAP), 2024 WL 4307776, at *5 (S.D.N.Y. Sept. 26, 2024) (cleaned up), and the Court will not provide further opportunities to amend to address the arguments raised in the Microsoft Defendants' motion to dismiss. Idrobo shall file any amended complaint within thirty days of the date of this Memorandum Opinion and Order. If he fails to do so, the Court will enter judgment in Defendants' favor as to all claims.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED, and Idrobo's operative Complaint is DISMISSED in its entirety, albeit with leave to replead his claims against Microsoft if he can properly allege diversity jurisdiction. Any such amended complaint shall be filed **within thirty days of the date of this Memorandum Opinion and Order**. In the absence of an amended complaint by that deadline, the Court will enter final judgment in Defendants' favor as to all claims.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status

is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    The Clerk of Court is directed to terminate ECF Nos. 62 and 65.

SO ORDERED.

Dated: February 28, 2025
       New York, New York

                                              JESSE M. FURMAN
                                        United States District Judge