UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------

Louis Idrobo, Plaintiff

-against-

The Microsoft Corporation, Defendant

--------------------------------------------------

<u>23</u> CV<u>9999</u>

**Motion to seal 2nd Amended Complaint under 31U.S.C. 3730(b)(2)**

Your Honor Judge Furman:

2nd Amended Complaint against **Microsoft only** is near completion (Microsoft is incorporated in Delaware and headquartered in Washinigton state. Plaintiff is a resident of New York City). However, Pro se Plaintiff realizes that the Amended Complaint's whistleblower claims should be properly pleaded partly as a Federal False claims act claim (besides NYCHRL) asserting that Defendant knowingly submitted false certifications in connection with obtaining Federal funds. Therefore, Plaintiff seeks leave to file this Amended Complaint under seal **temporarily** for 60 days under 31U.S.C 3730(b)(2) as required and serve the Attorney General and typically submitted to the court "in camera", (although some information was already included in the first Amended Complaint). Defendant certifies non-discrimination to the Federal Government and receives billions in contracts and grants. Plaintiff is the primary witness and, "original source", coming forward about material false statements and actions in violation of those certifications. Second Amended Complaint will be ready to submit upon decision on Sealing and if it can be submitted by email to Prose intake or must be brought in person for, "in camera" submission as apparently required. United States tax payers stand to recoup large sums of money.

Also, whistleblower Plaintiff requests leave to file the Second Amended Complaint using first initial and last name or last name only.

Respectfully,

Louis Idrobo

*[signature]*

March 26th, 2025
347-878-7063

forestsolar@outlook.com
13201 Roosevelt Ave #818133
Flushing, N.Y., 11354
Plaintiff

Application DENIED.  Plaintiff may not bring a *qui tam* action under the False Claims Act because he is proceeding *pro se*.  *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*.").  Accordingly, any requests to seal or proceed under a pseudonym in connection with a False Claims Act are without merit.  Furthermore, the deadline for Plaintiff to file an amended complaint has passed.  *See* ECF No. 81.  As a **final** courtesy, the Court will grant Plaintiff an extension, *nunc pro tunc*, until **April 7, 2025**.  If the amended complaint is not filed by that deadline, the Court will enter final judgment in Defendants' favor as to all claims.  The Clerk of Court is directed to terminate ECF No. 84.

SO ORDERED.

April 2, 2025