UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LOUIS IDROBO,                                                           :
:
:
Plaintiff,                                                              :
:       23-CV-9999 (JMF)
-v-                                                                     :
:       ORDER
:
THE MICROSOFT CORPORATION,                                              :
:
Defendant.                                                              :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 28, 2025, the Court granted Plaintiff leave to replead his claims against Microsoft because there was "a reasonable chance that Idrobo could properly allege diversity jurisdiction pursuant to 28 U.S.C. § 1332." ECF No. 81, at 6. On April 7, 2025, Plaintiff filed his Second Amended Complaint. *See* ECF No. 86. Although Plaintiff states that "this complaint qualifies for federal review due to diversity reasoning," he merely alleges his state of residence, not his state of citizenship. *Id.* at 1. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). To plead diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a

party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **October 15, 2025**, Plaintiff shall file a letter attesting to his *citizenship*, which letter will be deemed to be a supplemental pleading. *See* Fed. R. Civ. P. 15(d). If Plaintiff does not file a letter establishing this Court's subject-matter jurisdiction by that date, the Court will dismiss the case without prejudice and without further notice to the parties. Defendant may not respond to Plaintiff's supplemental pleading without being granted prior leave by this Court.

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 1, 2025
      New York, New York

JESSE M. FURMAN
United States District Judge

2