**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUIS IDROBO,<br><br>          Plaintiff,<br><br>     v.<br><br>MICROSOFT, et al.,<br><br>          Defendants. | Case No. 1:23-cv-09999-JMF<br><br>**CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

      **IT IS STIPULATED** between Plaintiff Louis Idrobo ("**Plaintiff**"), appearing *pro se*, and Defendant Microsoft Corporation ("**Defendant**"), through its undersigned counsel, that whereas the parties anticipate that confidential and/or non-public sensitive information may be required to be disclosed during the mediation and/or discovery process, the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action[1]:

      1.     Any party may designate any document or information, in whole or in part, as confidential if the party determines, in good faith, that such designation is necessary to protect the interests of the party in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("**Confidential Information**"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Alternatively, a Party may designate documents as "CONFIDENTIAL" by reference in writing in either a cover letter, e-mail or similar communication.

---

[1] Note to the Court: This substance of this stipulation is materially modeled after Model Confidentiality and Protective Order published by Chief Magistrate Judge Judith C. McCarthy, available on the Court's website. The only original paragraph is Paragraph 10, dealing with filings under seal, provided Plaintiff's *pro se* status.

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Stipulation and Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

  a.  The requesting party and counsel, including in-house counsel;

  b.  Employees of such counsel assigned to and necessary to assist in the litigation;

  c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by the parties; and

  d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Prior to disclosing or displaying the Confidential Information to any person, the party seeking to disclose such information must:

  a.  Inform the person of the confidential nature of the information or documents;

  b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c.  Require each such person to sign an agreement to be bound by this Order in the form

attached as **Exhibit A**.

6.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    Any Personally Identifying Information ("**PII**") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("**ESI**") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.

57431553.3

For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.     Notwithstanding the limitations described in Paragraph 9, and as otherwise proscribed in the relevant Rules, if Plaintiff, who is proceeding *pro se*, wishes to publicly file with the Court any document or portion thereof that Defendant has designated as "Confidential Information" under this Stipulation and Protective Order, Plaintiff shall provide Defendant with no less than three (3) business days' advance written notice of the intended filing. This notice period is to allow Defendant an opportunity to prepare and file an appropriate motion to seal. If Plaintiff fails to provide the required notice, such noncompliance may serve as a basis for Defendant to request temporary sealing on an expedited basis, pending the filing and resolution of a formal motion to seal.

11.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

14.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15.    Electronic signatures shall be deemed original signatures for purposes of this Stipulation and Protective Order (including Exhibit A), and shall have the same legal effect as original signatures

**STIPULATED AND AGREED:**

DocuSigned by:

C93ECB6B2423401...

Louis Idrobo
13201 Roosevelt Ave., #818133
Flushing, NY 11354
forestsolar@outlook.com
*Plaintiff, Appearing Pro Se*

Dated: _____3/11/2026_____

DocuSigned by:

12B4BBF81A8F4F0...

Erik P. Pramschufer
Krystina Garda
SAUL EWING LLP
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
erik.pramschufer@saul.com
krystina.garda@saul.com
*Attorneys for Defendant*

Dated: _____3/11/2026_____

**SO ORDERED:**

_____
HON. JESSE M. FURMAN, U.S.D.J.

Dated: _____March 13, 2026_____

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUIS IDROBO, | Case No. 1:23-cv-09999-JMF |
| Plaintiff, | |
| v. | **CONFIDENTIALITY AGREEMENT** |
| MICROSOFT, et al., | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

                                      Print: _____

57431553.3